## JOHN JANVIER Jr. *vs.* THOMAS MULFORD.

On the guarantee of a bond, the party guarantied is bound to use due diligence.
He should bring suit to the first term after the bond falls due, unless the defendant is insolvent.

DEBT on bond. Narr; plea ; replication suggesting breaches.

The bond was given to guarantee the payment of a bond assigned by defendant to plaintiff, on a third person. The question was, whether due diligence had been used. The bond guarantied fell due on 13th September 1832, and action was brought upon it 4th February 1833, to March term 1833. The court sat a few days after the bond fell due, and too late, considering the distance of defendant's residence, for plaintiff to have process returnable to the fall term. Defendant lived in Maryland ; after suit brought, he came in and confessed judgment with a stay of six months which, by the rules and practice of the Maryland court he was entitled to have, on a confession of judgment. At the expiration of the stay a fi. fa. was issued, which was returned nulla bona.

*Rodney* for the defendant, contended that the question of diligence was to be settled in reference to the utmost promptness. Bills of exchange and promissary notes must be proceeded on immediately ; and, on a bond guarantied, the writ should be sued out to the next term after it falls due. Here a term was permitted to pass by, and a stay was afterwards granted.

The *Chief Justice* said it had frequently been decided in the late courts, that the party guarantied must not permit the first term of the two courts then existing to pass, after the debt became due, without suit. Thus, if the bond fell due in August, the party might suffer the Supreme Court to pass, and bring his suit in the Common Pleas. But it has further been decided, that where insolvency was proved at the time the bond fell due, it was not obligatory on the party to sue at all ; for the court said it would be a fruitless suit and an unnecessary expense.

The plaintiff had a verdict.

*Booth* for plaintiff.
*Rodney* for defendant.